Name: Carrillo, Michael D + Michele S
Address: 10426 E. Boise St
City/State/Zip Code: Apache Junction AZ 85220
Phone: 480-984-1052

Bar No.: _____

☐ Debtor in pro per
☐ Attorney for Debtor

**FILED**

MAY 2 9 2009

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF AZ

In re

Carrillo, Michael D
and Carrillo, Michele S

Debtor(s).

Case No. 09-10832

In Proceedings Under Chapter 13

**CHAPTER 13 PLAN**

☒ INITIAL ☐ ____ AMENDED

---

Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim. If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim. 11 U.S.C. § 1325(a)(5)(A). Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim which may be filed. 11 U.S.C. § 1327.

---

The Debtor(s) propose(s) the following **Chapter 13 Plan**:

**I. PROPERTY AND FUTURE EARNINGS.**

The Debtors shall submit the following property and future earnings to the Trustee for distribution under the Plan:

**PAYMENTS:** The debtor(s) shall pay to the Trustee as follows: *(check applicable box)* ☒ Monthly ☐ Bimonthly payments of $ 100.00 for 36 months, commencing June 19, 2009.

When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. The Debtors will cure any funding shortfall before the Plan discharge will be entered.

The Debtors will provide the Trustee with a copy of their federal and state income tax returns for years: 2008 and 2009.

**OTHER PROPERTY:** Excluding nonexempt property or property recovered by the Trustee, if the Debtors submit other property or funds to the Trustee in excess of amounts required by the Order Confirming the Plan, they will be treated as advance payments, unless otherwise ordered by the Court.

---

Nongovernmental creditors not specifically named in this paragraph are presumed to be unsecured, non-priority claims. A creditor who files a secured claim is required to serve a copy of the claim on the Debtors' Attorney and the Trustee.

| Secured Creditor | Property | Interest | Claim Amount |
|---|---|---|---|



(3) <u>Secured Tax Claims</u>.

(a) The following tax claim shall be treated as a secured claim. A creditor who files a priority claim is required to serve a copy of the claim on the Debtors' Attorney and the Trustee. A tax claimant must release all liens after the Court enters a discharge.

| Creditor | Amount Claimed as Secured | Tax Periods |
|---|---|---|
| IRS | $70,000 | Various |
| ADOR | $30,000 | Various |

(4) <u>Property To Be Surrendered</u>. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

| Creditor | Property to be Surrendered |
|---|---|



(D) **UNSECURED, PRIORITY CLAIMS.**

The following claims shall be classified and paid as unsecured, priority claims and will be paid in full, without post-petition interest, after payment of any secured claims and prior to any claims listed hereafter.

All tax returns which are due have been filed.

| Claimant | Nature of Priority Claim | Tax Period | Amount |
|---|---|---|---|



All other tax claims shall be classified and paid as unsecured, nonpriority claims, with any portion not paid being discharged.



(E) **UNSECURED CLAIMS.**

All other claims shall be classified as unsecurred, nonpriority claims. Unsecured claims will be paid the balance of payments under the Plan, pro rata. Any amounts remaining unpaid shall be discharged. The amount to be paid on unsecured, nonpriority claims as stated in the plan analysis is an estimate only.

## IV. OBJECTIONS TO PLAN

Any objections by a creditor to the Plan must be in writing and filed with the Bankruptcy Court not later than the date specified in the Notice. A copy of the objection must be served upon the Trustee and Debtor's Counsel. If the Debtor is not represented by an attorney, then a copy must also be served upon the debtor. If no objection is timely filed, then the creditor is deemed to have accepted treatment under the Plan.

## V. REJECTION OF LEASES OR EXECUTORY CONTRACTS.

The Debtor(s) elect (*check one*) ☐ to assume the lease(s) as described below. ☐ not to assume the lease or contract with creditors described below and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims, secured or unsecured creditors may have against Debtor(s) arising from the transaction that created creditor's interest in said property.

| Creditor | Assumed/Rejected | Consideration | Value |
|---|---|---|---|

## VI. LIEN VOIDANCE

The Debtors may file a separate motion to avoid liens pursuant to §522(f) of the Bankruptcy Code. All secured creditors, except those whose liens are avoided pursuant to §522(f), shall retain their liens until paid as provided for by this Plan.

## VII. EFFECTIVE DATE AND VESTING

The effective date of the Plan shall be the date of the order confirming the Plan. Exempt property of the estate that has been disclosed shall vest in the Debtors upon confirmation. The Debtors may use exempt property in any manner or may sell the property without further order of the Court, upon Trustee's approval.

Dated: _____

_____
Signature of Debtor

_____
Signature of Co-debtor, if any

_____
Signature of Attorney for Debtor

_____
Address

_____
City/State/Zip Code

Phone: _____

Carrillo, Michael D + Michele S
_Name_
10426 E. Boise St
_Address_
Apache Junction, AZ 85220
_City/State/Zip Code_
Phone No. 480 984 1052

☐ Debtor(s) in pro per
☐ Attorney for debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF AZ

In re
Carrillo, Michael D.
Carrillo, Michele J.
_Debtor(s)._

CASE NO. 09-10832
CHAPTER 13

SUMMARY OF CHAPTER 13 PLAN
(☐ Initial Plan  ☐ Modified Plan)

A. PLAN FUNDING.
 1. Debtor's Monthly Payment.................... $ 100.00
 2. Total Months of Plan.......................... 36
 3. Total Payments Under Plan.................. $ 3600.00
B. ADMINISTRATIVE EXPENSES AND PRIORITY CLAIMS.
 1. Unpaid Attorney Fees......................... $ —
 2. Taxes................................................. $ 270—
 3. Administrative Expenses.................... $ —
 4. Other: _____ $ —
 5. Total Payments on Priority Claims and Administrative Expenses........ $ 270.00
C. SECURED CLAIMS.
 1. Total Payments to Cure Defaults......... $ —
 2. Total Payments on Secured Claims..... $ 3330—
 3. Total Payments to Cure Defaults and Secured Claims..... $ 3330.00
D. UNSECURED CLAIMS.
 1. Total Value of Unsecured Claims........ $ —
 2. Total Payments on Unsecured Claims.. $ —
 3. Percentage of Claims to be Paid to Unsecured Creditors......... ____%
E. NON-EXEMPT PROPERTY.
 1. Total Value of Non-Exempt Property, if any................ $ —

Dated: _____    _Michael J Carrillo_ Debtor
                                        _Michele S Carrillo_ Debtor's Spouse

_____
Attorney for debtor(s), if applicable
_____
Address
_____
City/State/Zip Code

© 2005, Alpha Publications of America, Inc.
All rights reserved.

FORM ABK-8000

06/01/2009